UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE OF NEVADA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>YAUSMENDA AVIANE DENT,<br><br>　　　　　Defendant. | Case No.: 2:22-cv-00578-RFB-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: ECF No. 1-1 |

**I.　　Ms. Dent's *in forma pauperis* application**.

　　Pending before the Court is Yausmenda Aviane Dent's application to proceed *in forma pauperis* ("IFP"). ECF No. 1. Ms. Dent states on her application that she makes "income from self-employment," but does not report the amount of income she makes or expenses she incurs. *Id.* Ms. Dent explains that she is in debt and, as such, her net income is negative. *Id.* However, Ms. Dent is required to provide additional necessary information for the Court to assess whether she qualifies for IFP status. Thus, Ms. Dent's IFP is dismissed without prejudice. If she chooses, Ms. Dent may refile her IFP with the requisite income information.

**II.　　Background**.

　　Ms. Dent appears to be attacking a ticket and fine for operating a vehicle on a public roadway without a driver's license. ECF No. 1-2 at 3. In her filing, Ms. Dent asks the Court to "remove" her criminal case in North Las Vegas Municipal Court to the District of Nevada. ECF No. 1-2 at 1. Ms. Dent's suit lists the State of Nevada as the plaintiff and herself as the Defendant. *Id.* Despite the fact that her suit is a state criminal proceeding, Ms. Dent invokes the Court's original and diversity jurisdiction in the form of a civil complaint. *Id.* Ms. Dent asserts that the Court has diversity jurisdiction over her action because she is "not a citizen or a subject" of the State of Nevada. However, Ms. Dent lists a Nevada address on her IFP application and Complaint, and a Nevada address appears on the ticket she was issued. ECF Nos. 1-1 at 1, 1-2 at 1-3. Ms. Dent further alleges

federal question jurisdiction under 28 U.S.C. § 1331, claiming that "this matter may infringe upon [her] protected rights under the Treaty of Guadalupe Hidalgo." ECF No. 1-2 at 2.

### III. Screening the Complaint.

District courts have the authority to dismiss cases *sua sponte* without notice to the plaintiff when she "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). *See also*, 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii) ("[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."). Here, and in the interest of efficiency and pursuant to its obligation under 28 U.S.C. § 1915(e)(2), the Court considers the substance of Plaintiff's proposed Complaint despite recommending dismissal to proceed *in forma pauperis*.

In screening a complaint, courts must identify cognizable claims and dismiss all claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), which standard the court applies under § 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Under Federal Rule of Civil Procedure 8(a), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." To survive § 1915(e)(2) review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). Nonetheless, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

**IV.   Analysis of Ms. Dent's Complaint**.

The Court recommends Ms. Dent's Complaint be dismissed without prejudice. Ms. Dent fails to allege facts demonstrating the federal court can exercise subject matter jurisdiction over her claim. Subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C §§ 1331 and 1332.

Based on the face of the Complaint, it appears that Ms. Dent is a resident of Nevada attempting to sue the State of Nevada. Setting aside that the State of Nevada is immune from suit, Plaintiff and Defendant are residents of the same state and, therefore, there is no diversity of citizenship.

Ms. Dent also does not sufficiently allege federal question jurisdiction. On page 2 of her Complaint, Ms. Dent alleges that because "[t]his matter may infringe upon … [her] protected rights under the Treaty of Guadalupe Hidalgo," the Court has original jurisdiction over her claim. ECF No. 1-2 at 2. The Treaty of Guadalupe Hidalgo does not create a private right of action under which Ms. Dent may sue based on a traffic violation and the ensuring penalty. Even if Ms. Dent could bring a lawsuit under the Treaty, she fails to allege any facts to support a claim under the Treaty or attempt to explain what rights she alleges were violated by the issuance of a citation for driving without a license. In sum, Ms. Dent's Complaint fails to state a claim for which relief may be granted.

Ms. Dent also suffers from a lack of standing. She (albeit potentially mistakenly) lists the State of Nevada as the Plaintiff and herself as the Defendant. ECF No. 1 at 1. Ms. Dent lacks standing to bring a claim on behalf of the State of Nevada. *See Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 678 (9th Cir. 2021), *citing Fiedler v. Clark*, 714 F.2d 77, 80 (9th Cir. 1983) (finding no Article III standing where plaintiff claimed to bring suit on behalf of the State of Hawaii rather than as a private citizen).

3

Further, even liberally construing the lawsuit as seeking to assert a constitutional violation under 42 U.S.C. § 1983 against the State of Nevada, Ms. Dent's claim similarly fails because, as mentioned above, the State of Nevada is immune from a suit for civil damages. *N. E. Med. Servs., Inc. v. Cal. Dep't of Health Care Servs., Health & Human Servs. Agency, Cal.*, 712 F.3d 461, 466 (9th Cir. 2013).[1]

Finally, if Ms. Dent indeed seeks to assert a constitutional claim with respect to her state court criminal case under § 1983, the Court notes that any claim is likely barred by *Heck v. Humphrey*. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under § 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 114). Here, Ms. Dent's Complaint appears to be related to a driving citation for which she was sentenced and assessed a fine. As such, Ms. Dent may not bring an action under § 1983 seeking to attack the sentence or conviction unless she can demonstrate that the sentence or conviction has been successfully overturned on appeal.

**V.   Order**.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff has through and including **May 9, 2022** to file a new *in forma pauperis* application that includes sufficient information to allow the Court to assess

---

[1] If Plaintiff wishes to bring a § 1983 action against the City of North Las Vegas as a municipality, she must allege a constitutional violation arising out of an official department policy or custom. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690 (1978); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128 (9th Cir. 2012); *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury.'" *Clouthier*, 591 F.3d at 1249 (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992)).

whether she is properly exempted from paying the filing fee associated with commencing a civil case.

## VI.     Recommendation.

IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-2) be dismissed without prejudice and with leave to amend to state, if possible, a claim asserting a violation of rights under the U.S. Constitution or laws of the United States correcting the deficiencies noted above and in accordance with the directions given.

IT IS FURTHER RECOMMENDED that Plaintiff have until **May 9th, 2022** to file her amended complaint.

IT IS FURTHER RECOMMENDED that if Plaintiff fails to timely comply with the terms of this Order, her action be dismissed without prejudice in its entirety.

Dated this 12th day of April, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).